IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLI HIMMEL, et al., individually and on behalf of 500 inmates who tested positive for COVID-19,<br>　　　　Petitioners,<br><br>v.<br><br>JODY R. UPTON, Warden, FMC Carswell, and CENTRAL INTELLIGENCE AGENCY,<br>　　　　Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:20-CV-801-O |

**<u>OPINION AND ORDER</u>**

Before the Court is a pleading entitled "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Motion for Release under the CARES Act due to COVID-19" filed by Petitioners, Kimberli Himmel, Elaine Brown, Priscilla Ellis, Diana Marquez, and Frederick Banks, individually and on behalf of 500 other inmates confined at FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, and the Central Intelligence Agency, Respondents. After having considered the petition and relief sought by Petitioners, the Court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioners purport to be inmates at FMC-Carswell.[1] In this petition, they raise the following two grounds for relief, verbatim:

(1) Respondents denied Petitioners the 6th Amendment right to consult with counsel to file a CARES Act compassionate release motion because 500

---

[1] The Bureau of Prisons's (BOP) website reflects that inmates by the name of "Kimberli E. Himmell" and "Priscilla Ann Ellis" are currently confined at FMC-Carswell. The website reflects no inmates by the name of Elaine Brown, Diana Marquez, or Frederick Banks currently confined at the prison. *See* U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS/INMATE LOCATOR, http://www.bop.gov (last visited August 5, 2020).

>   inmates at FMC Carswell tested positive for COVID-19 which would have led to an immediate release in violation of due process [and] 6th Amendment; and
>
>   (2) the CIA illegally placed Petitioners under FISA electronic surveillance to purposely prevent them from having access to counsel to seek CARESAct compassionate release in violation of 50 USC 1901, *et seq.,* due process and the 6th Amendment.

Pet. 6,[2] ECF No. 1. They request that the Court

>   discharge Petitioners from custody, order that the motion for release under the Cares Act be transferred to the district courts where Petitioners were sentenced, order Respondent to disclose unclassified versions of any FISA under 50 USC 1806(f), certify the action as a class [and] appoint class counsel to represent the class.

*Id.* at 7.

## II. DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[3] Therefore, no service has issued upon Respondent.

Generally, in this circuit, habeas relief is not available to review questions unrelated to the fact or duration of a prisoner's detention and a court has no power to entertain the kind of injunctive relief sought by Petitioners. *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). The "sole function" of habeas is to grant relief from unlawful imprisonment or custody, and it cannot be used

---

[2] The pagination in the ECF header is used.

[3] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

properly for any other purpose. *Id.* Where a prisoner challenges prison procedures or the conditions of his or her confinement, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his or her accelerated release. *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997).

Petitioners do not challenge the validity of their sentences or convictions or the BOP's administrative calculation of their release dates, which is the traditional "essence" of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 484, 498-500 (1973). It is the nature of the substantive legal claim itself and the pertinent factual allegations—in addition to the relief sought—that determines whether the claim challenges "the validity of confinement" and thus sounds in habeas corpus. *Hill v. McDonough,* 547 U.S. 573, 579-81 (2006). Section 2241 is an imperfect fit for Petitioners' requested relief because they seek assignment to home confinement rather than release from custody[4]; an injunction compelling disclosure of "unclassified versions" of any electronic surveillance material; and certification of a class action and appointment of counsel. Thus, a § 2241 habeas petition is not the proper vehicle for raising their claims, and this Court lacks jurisdiction to consider the petition and grant the relief requested. *See Cheek v. Warden,* No. 4:20-CV-677-P, 2020 WL 3637627, at *1 (N.D. Tex. July 1, 2020); *Provines v. Wilson,* No. 4:20-CV-475-O, 2020 WL 2762563, at *2 (N.D. Tex. May 20, 2020); *Sanchez v. Brown,* No. 3:20-CV-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020); *Lynn v. Davis,* No. M-18-CV-162, 2019 WL 570770, at *1 (S.D. Tex Jan. 28, 2019).

---

[4]Such designations fall under the BOP's authority and should be pursued through ordinary channels at the BOP, which is in the best position to evaluate inmate classifications and which has enacted protocols under the CARES Act to address requests for relief based on the COVID-19 pandemic. Petitioners may also seek a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, by filing a motion in the district where he or she was convicted and sentenced.

### III. CONCLUSION

For the reasons discussed, Petitioners' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction. A certificate of appealability is DENIED.

**SO ORDERED** on this 5th day of August, 2020.

*[signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**